## GREATHOUSE et al. v. JAMESON.

1. The authority of the supreme court, under the Constitution, to issue writs of mandamus, carries with it the power to adjudicate such questions as may be brought before it in any proceeding for a mandamus, without further legislation.

2. The determination by a probate court of the issue involved in the matter of the probate of a codicil to a will is within the meaning of section 2 of the Laws of 1872 (p. 105), and an appeal will lie therefrom to the district court.

*Petition for mandamus to County Court of Jefferson County.*

THE petitioners, Greathouse *et al.*, were legatees in the last will and testament of Warren N. Hoyt; the testator executed a codicil revoking the will. The petitioners were cited by JAMESON, judge of the county court of Jefferson county, to appear and show cause why the codicil should not be admitted to probate. Upon their appearance, and a hearing being had, the court admitted the codicil to probate. From this determination of the court the petitioners prayed an appeal to the district court of Jefferson county, the appeal was denied, and thereupon the petitioners apply to this court for a writ of mandamus to compel the county court to grant an appeal, to fix the amount of the bond, etc. The respondent demurred.

Messrs. PATTERSON & CAMPBELL, for petitioners.

*Per Curiam.* As authority is conferred upon this court by the Constitution of the State to issue writs of mandamus, and to hear and determine the same, it necessarily carries with it the power to adjudicate such questions as may be brought before it in any proceeding for a mandamus, without additional legislation.

In our opinion, section 2 of an act "concerning probate courts," Session Laws, 1872, p. 105, gives the right of appeal from the probate (now county) court to the district court of Jefferson county. The special act applicable to Jefferson

county alone (Session Laws, 1872, p. 107), does not assume to regulate the manner of taking appeals, or to determine the courts to which appeals shall lie from that court. It is only where a special and a general act are in conflict, that the special act governs. In the silence of the special act upon the subject of appeals, the general act authorizing appeals from the final judgment or decision of any probate court must be held to control.

The determination by the probate court of the issue involved in the matter of the probate of the codicil is within the meaning of section 2 of the general act; a judgment or decision from which an appeal will lie. The demurrer to the relator's petition must be overruled.

*Demurrer overruled.*